IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PPS DATA, LLC,<br><br>                    Plaintiff,<br><br><br>          vs.<br><br><br>DIEBOLD, INC. and DIEBOLD ERAS, INC.,<br><br>                    Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:12-cv-12-TC |

For over two years, PPS Data, LLC (PPS Data) and Diebold, Inc. (Diebold) have been involved in a dispute over five of PPS Data's patents that Diebold has allegedly infringed.  On November 6, 2009, PPS Data[1] filed suit in the District of Delaware against three defendants, including Diebold, for infringement of its electronic imaging patents.  Eventually, PPS Data settled with the other two defendants, but settlement talks with Diebold broke down in 2011.  On December 9, 2011, Diebold filed a motion to transfer venue from Delaware to the Northern District of Ohio.  Then, on January 5, 2012, PPS Data dismissed the Delaware action without prejudice and filed this suit in the District of Utah.  The next day, January 6, Diebold filed a declaratory judgment action in the Northern District of Ohio.  Diebold has now filed a motion to dismiss or transfer the Utah case and the district court in Ohio has stayed the declaratory

---

[1]At the time, PPS Data was named NetDeposit, but the two entities are the same for the purposes of this order.

judgment action there pending resolution of the Utah matter.

For the reasons stated below, the court GRANTS Diebold's Motion to Dismiss but DENIES Diebold's Motion for Sanctions (Dkt. No. 22).

## ANALYSIS

The Tenth Circuit generally applies the first-to-file rule, which provides that when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which the action was first filed. Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga., No. 98-4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (unpublished).  This holding would seem to argue in favor of denying Diebold's motion to dismiss and litigating the Utah action, since that case was filed before the action in Ohio.  But a district court "may decline to follow the first-to-file rule and dismiss [an action] if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." Id. at *3.  See also Guthy-Renker Fitness LLC v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998) (implying that the first-to-file rule does not carry the same force in situations when the first-filed suit is deemed anticipatory because the first-to-file rule should not encourage a "race to the courthouse door in an attempt to preempt a later suit in another forum"); Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995) ("[O]ne exception [to the first-to-file rule] exists where the first-filed suit constitutes an 'improper anticipatory filing.'").  And district courts are afforded discretion when deciding whether the first-to-file rule or an exception to that rule applies to the case at hand. MedSpring Grp., Inc. v. Atl. Healthcare Grp., Inc., No. 1:05-cv-115, 2006 WL 581018, at *3 (D. Utah March 7, 2006) (unpublished); Icon Health and Fitness, Inc. v. Beachbody, LLC, 1:11-cv-24-TC, 2011 WL 1899390 (D. Utah May

2

19, 2011).

Most anticipatory filings, "by necessity, [] take the form of declaratory judgments." Ontel, 899 F. Supp. at 1151.  But the procedural posture of this case is unusual.  PPS Data already had a case pending against Diebold in Delaware when it filed a second case against Diebold in Utah.  The court notes that PPS Data filed its case in Utah after Diebold moved to transfer the Delaware case to the Northern District of Ohio.  The court further notes that, upon the filing of Diebold's motion to transfer, counsel for PPS Data requested and was granted an extension of time to respond to that motion.  But instead of responding, and on the evening before its response was due, PPS Data filed its Utah complaint and then dismissed the Delaware case.

Considering these facts as a whole, the court finds that PPS Data's actions constitute the sort of procedural fencing that merits an exception to the first-to-file rule.  While this rule generally protects a plaintiff's choice of forum, the court need not mandate a rigid application of the rule when a plaintiff uses it to protect a second choice of forum.  PPS Data already chose Delaware as the original forum for this lawsuit.  By dismissing its case there, PPS Data should not be allowed to pick a second forum for its suit simply because it filed its new complaint a day before Diebold brought its declaratory judgment action.  Accordingly, the court grants Diebold's motion to dismiss.

Diebold has also filed a motion for sanctions, but the court does not feel that PPS Data's actions were undertaken with sufficient bad faith to merit this penalty.  As a result, the court denies Diebold's motion for sanctions.

3

**ORDER**

For the foregoing reasons, Diebold's Motion to Dismiss, or Transfer, and for Sanctions (Dkt. No. 22) is GRANTED in part and DENIED in part.  As discussed at the hearing held in this matter on May 1, 2012, the case will be dismissed rather than transferred, and the court will not impose any sanctions.  The court orders the clerk to close the case.

SO ORDERED this 22nd day of May, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

4